## THE STATE OF KANSAS v. JACOB B. SPIDLE.

1. COUNTY WARRANT — *Over-issue* — *Error in Admitting Evidence.* Where an indictment charges the defendant, a member of the board of county commissioners, with corruptly voting for and allowing a claim in a sum too large, it is error to permit the introduction of evidence to prove that a warrant had been issued in payment of said claim in a sum larger, dollar for dollar, than the amount of the claim as allowed, without proving that the defendant voted to issue the warrant for said larger sum.

2. VERDICT, *Not Supported.* It is error in a trial court to refuse to set aside a verdict of the jury and grant a new trial when there is no evidence to support the verdict.

*Appeal from Ness District Court.*

THE opinion states the nature of the action, and the facts.

*S. I. Hale,* and *J. G. Ibach,* for appellant.

*L. B. Kellogg,* attorney general, and \*Geo. C. Brownell,* county attorney, for The State.

Opinion by STRANG, C.: This is a criminal prosecution under ¶1662, General Statutes of 1889, charging the defendant with a willful violation of ¶1888, General Statutes of 1889. The case was begun by indictment containing three counts, and was tried by the court and a jury January 29, 1890, resulting in a verdict of guilty on the first count, and not guilty on the second and third counts. On this verdict the court entered judgment against the defendant, assessing his punishment at $100 fine, and cost of prosecution. From this judgment the defendant appeals to this court, and alleges, among other things, "that the verdict of the jury is not sustained by the evidence." The evidence in the case shows that on April 9, 1888, Jacob B. Spidle was a member of the board of county commissioners of Ness county, Kansas; that on that day the board decided to build a bridge across the Pawnee river; that on the 8th day of June thereafter, said Spidle, together with the other members of the county board, let the contract for building said bridge to Ed. Grant and M. G. Cowles, agreeing to pay said Grant and Cowles therefor the sum of $1,850; that on July 2, 1888, Grant and Cowles presented their claim to the board of commissioners, the defendant being one of them, in session at Ness City, which claim was allowed in the•sum of $1,850; that on the 9th day of the same month a warrant was issued in payment of said claim in the sum of $2,035, signed H. R. Corning, chairman, and attested by G. D. Barber, clerk. This is all the evidence in the case relating to the first count in the indictment, the only one upon which the defendant was convicted. The criminating words of the first count in the indictment are—

"And afterward, to wit, on the 9th day of July, 1888, the said Jacob B. Spidle, in the said county of Ness, being then and there a member of said board of county commissioners, and then and there acting in the official capacity of a member of said board of county commissioners, did then and there, unlawfully, willfully and corruptly vote for and allow the payment to said Ed. Grant and M. G. Cowles for said bridge in the sum of $2,035, whereby the said Jacob B.

Spidle did then and there willfully and corruptly violate and fail to perform his duty as county commissioner of said county of Ness; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

Under this indictment, and the evidence in the case, was the defendant properly convicted? We think not. The indictment charges him with having voted for, and allowed Grant and Cowles on the contract for building the bridge, a sum of money larger than the contract-price, and therefore a larger sum than they were entitled to under the law. But the evidence to sustain this charge, and all the evidence there is in the record upon this question, shows that he voted to allow the claim of Grant and Cowles, and they were allowed on their contract $1,850, that being exactly the amount of their contract-price. It follows then that there is a total want of evidence to sustain the verdict upon the charge that the defendant voted for and allowed the claim of Grant and Cowles in too large a sum — a sum larger than the amount of their claim. The evidence shows that a warrant was issued to Grant and Cowles in payment of their claim, in the sum of $2,035.

Was the defendant properly convicted on this evidence? We think not. The indictment does not charge him with the offense of issuing a warrant to Grant and Cowles in a sum larger than the amount allowed on their claim, dollar for dollar, which is, under ¶1888, General Statutes of 1889, a separate and distinct offense from that of voting for and allowing a claim in too large a sum. All the evidence of the issuance of a warrant to Grant and Cowles in payment of their claim, for a sum larger than the amount allowed them by the board when their claim was presented and allowed, was improperly received, and therefore error for which the case would have to be reversed.

But there is nothing in the record showing that Spidle, the defendant, had anything whatever to do with the issuing of the warrant, and the presumption is that he did not. The law, ¶1648, General Statutes of 1889, provides that county

orders shall be signed by the chairman and attested by the clerk, the other commissioners not signing them. And the warrant, introduced in this case, was so signed. The warrant also shows by its date that it was issued seven days after the claim, for the payment of which it was issued, was allowed. There is nothing to show that the board was in session when the warrant was issued, and we would think from the time which had elapsed from the date of the allowance of the claim, July 2, to the date of warrant, July 9, seven days, that the meeting of the board had adjourned, and the chairman had remained and signed warrants after the adjournment, as is usually the case.

There being nothing in the record showing that defendant had anything to do with the issuing of the warrant to Grant and Cowles for $2,035, and presuming the state put in all the evidence it had upon the subject, the records being in court, it would follow that the defendant could not be convicted, if the indictment was so amended as to charge him with the offense of wrongfully issuing the warrant introduced in evidence.

It is therefore recommended that the judgment of the district court be reversed, and the defendant discharged.

By the Court: It is so ordered.

All the Justices concurring.